IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JESSICA MARIE TROTTIER A/K/A<br>JESSICA MARIE LATTERGRASS,<br><br>Defendant. | Case No. 3:22-cr-00184<br><br>**PLEA AGREEMENT** |

Pursuant to Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure, the United States of America, by its attorneys, Nicholas W. Chase, United States Attorney for the District of North Dakota, and Alexander J. Stock, Assistant United States Attorney; Defendant, JESSICA MARIE TROTTIER A/K/A JESSICA MARIE LATTERGRASS; and Defendant's counsel, Christopher D. Dohrer and Thomas J. Cogley, agree to the following:

1. Defendant acknowledges the Third Superseding Indictment charges violations of Title 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), 841(b)(1)(C), 846, 848(a), 848(b), 848(b)(2)(A), 848(c), 848(s), and 853; 18 U.S.C. §§ 373, 844(c)(1), 844(h), 922(g)(1), 924(a)(2), 924(a)(8), 924(c)(1)(A), 924(d)(1), 924(h), 933(a)(1), 933(a)(2), 933(a)(3), 981(a)(1)(C), 982(a)(1), 1512(b)(1), 1512(b)(3), 1512(i), 1512(k), 1956(h), and 2; 26 U.S.C. §§ 5861(h), 5861(i), and 5872; and 28 U.S.C. § 2461(c). The United States will file an Information charging the Defendant with the offenses of Continuing Criminal Enterprise and Felon in Possession of Firearms in violation of Title

21 U.S.C. §§ 812, 813, 841(a)(1), 846, 848(a), 848(c), 853 and 856; 18 U.S.C. §§ 844(c)(1), 922(g)(1), 924(d)(1), 924(a)(8), 981(a)(1)(C), and 982(a)(1). The Information will also contain a forfeiture notice for forfeiture of property in accordance with Title 21, United States Code, Section 853; Title 18, United States Code, Sections 844(c)(1), 924(d)(1), 981(a)(1)(C), and 982(a)(1); Title 26, United States Code, Section 5872; and Title 28, United States Code, Section 2461(c). Defendant understands Defendant has a right to have a grand jury determine probable cause for such offense and to return an Indictment charging such offense. Defendant agrees to execute a "waiver of indictment" in writing in open court as to the charge in the Information at the time of the change of plea hearing.

2. Defendant has read the charges and Defendant's attorney has fully explained the charges in the Information to Defendant.

3. Defendant fully understands the nature and elements of the charged crimes in the Third Superseding Indictment and the Information.

4. Defendant will voluntarily plead guilty to Continuing Criminal Enterprise (Count One) and Felon in Possession of Firearms (Count Two) of the Information, and admit to forfeiture allegation.

5. The parties agree this Plea Agreement shall be filed as part of the Court record and be governed by Federal Rule of Criminal Procedure 11(c). The parties specifically agree that Rule 11(c)(1)(C) does not apply. If the United States makes the non-binding recommendations specified in this Plea Agreement, then Defendant acknowledges that this agreement will have been fulfilled. Except as provided in

Rule 11(c)(5), the Court's refusal to accept any or all terms of the Plea Agreement does not give Defendant a right to withdraw Defendant's guilty plea.

6.   Defendant will plead guilty because Defendant is in fact guilty of the charges. In pleading guilty to Continuing Criminal Enterprise (Count One) and Felon in Possession of Firearms (Count Two), Defendant acknowledges that:

Count One – Continuing Criminal Enterprise
a. From in or before 2021 through 2023, in the District of North Dakota, Central District of California, District of Montana, District of Idaho, District of Minnesota, and elsewhere, JESSICA MARIE TROTTIER, a/k/a JESSICA MARIE LATTERGRASS, did knowingly and intentionally engage in a Continuing Criminal Enterprise in that she violated Title 21, United States Code, Sections 812, 813, 841(a)(1), 846, and 856, including, but not limited to, possession with intent to distribute controlled substance, distribution of controlled substance, and/or maintaining drug-involved premises. The violations were, and are, part of a continuing series of violations. These continuing series of violations were undertaken by JESSICA MARIE TROTTIER, a/k/a JESSICA MARIE LATTERGRASS, in concert with at least five other persons with respect to whom JESSICA MARIE TROTTIER, a/k/a JESSICA MARIE LATTERGRASS, occupied a position of organizer, supervisor, and manager including, but not limited to: (1) DOMINICK JON ROSS; (2) HUGO ARMANDO YANEZ-RIVERA; (3) CESAR AMBROSIO LOPEZ; (4) DANA MICHAEL THOMAS; (5) MATTHEW ZENON WOOD; (6) STEVEN CLIFFORD FRANK ARIAS JR.; (7) MICHAEL WAYNE GOURNEAU; (8) unindicted co-conspirator S.P. a/k/a S.M.; (9) co-conspirator J.A.; (10) BRENDAN MOORE; (11) unindicted co-conspirator F.W.; (12) unindicted co-conspirator D.R.; (13) unindicted co-conspirator H.T.; (14) unknown unindicted co-conspirator J.S.; (15) JEREMY WILLIAM HOOVER; (16) unindicted co-conspirator S.E.; (17) unindicted co-conspirator A.H.; (18) unindicted co-conspirator S.N.; (19) CARLOS ADRIAN BATISTA-RODRIGUEZ; (20) BRETT TIMOTHY HOIBY; (20) VICTOR PARTIDA-OJEDA; (21) PRUENDA MACIAS; (22) MICHAEL HAUGLAND; (23) unindicted co-conspirator C.B.; (24) JUSTIN "UG" KEPLIN; and (25) unindicted co-conspirator C.D. From this continuing series of violations, JESSICA MARIE TROTTIER, a/k/a JESSICA MARIE LATTERGRASS, obtained substantial income.
b. Defendant acknowledges sufficient facts exist to sustain a finding of guilt

3

beyond a reasonable doubt in violation of Title 21, United States Code, Sections 848(a) and 848(c).

Count Two – Felon in Possession of Firearms

a. On or before September 21, 2022, in the District of North Dakota JESSICA MARIE TROTTIER, a/k/a JESSICA MARIE LATTERGRASS, knowing she had been convicted of the following crime punishable by imprisonment for a term exceeding one year, specifically On or about January 14, 2013, in United States District Court, District of North Dakota, JESSICA MARIE TROTTIER, a/k/a JESSICA MARIE LATTERGRASS, was convicted of Conspiracy to Unlawfully Provide Firearms to a Convicted Felon, a Class C felony, in Case 3:12-cr-31-08; and On or about December 19, 2017, in the East Central Judicial District, Cass County, North Dakota, JESSICA MARIE TROTTIER, a/k/a JESSICA MARIE LATTERGRASS, was convicted of Possession of Methamphetamine with Intent to Deliver, a Class B felony, and Tampering with Physical Evidence, a Class C felony, in Case 09-2017-CR-00351, did knowingly possess in and affecting interstate or foreign commerce, firearms, that is: One Ruger, Model Mini 14, .223 caliber rifle, bearing Serial Number 18668339; One B King's Firearms, Model M4 MOD-0, .556 caliber rifle, bearing Serial Number MOD-0-01810; One New England Firearms, Model Pardner, .410 caliber weapon made from a shotgun, bearing Serial Number NN393398; and One Stoeger, Model 2000, 12-gauge weapon made from a shotgun, bearing Serial Number 923808;
b. Defendant acknowledges sufficient facts exist to sustain a finding of guilt beyond a reasonable doubt in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

Forfeiture Notice

a. Upon the conviction of any of the offenses alleged in the Information, JESSICA MARIE TROTTIER, a/k/a JESSICA MARIE LATTERGRASS shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853; Title 18, United States Code, Sections 844(c)(1), 924(d)(1), 981(a)(1)(C), and 982(a)(1); Title 26, United States Code, Section 5872; and Title 28, United States Code, Section 2461(c), all right, title, and interest in any of the property constituting or derived from proceeds obtained directly or indirectly as a result of the violations of Title 21, United States Code, Sections 841, 846, and 848; Title 18, United States Code, Sections 844(h), 922(g), 924(c)(1)(A), and 924(h), 933(a)(1), 933(a)(2), and 933(a)(3); and Title 26, United States Code, Sections 5861(h) and (i), and any property used or intended to be used in any manner or part to commit, or to facilitate the commission of the said violations, and a sum of money equal to the total amount of proceeds obtained as a result of the offenses, including, but not limited to:

- $16,107 in United States currency seized on or about December 12, 2021, in Fargo, North Dakota;
- One Kahr Arms, Model CW40, .40 caliber pistol, bearing Serial Number FE6862, seized on or about December 12, 2021, in Fargo, North Dakota;
- $9,263 in United States currency seized on or about January 12, 2022, in Fargo, North Dakota;
- One Remington, Model Sportsman 58, 12-gauge weapon made from a shotgun, bearing Serial Number 225969M, seized on or about January 12, 2022, in Fargo, North Dakota;
- $11,627 in United States currency seized on or about February 24, 2022, in Fargo, North Dakota;
- One Heritage Manufacturing, Inc., Model Rough Rider, .22 caliber pistol, bearing Serial Number P93129, seized on or about February 24, 2022, in Fargo, North Dakota;
- One Ruger, Model LC9s, 9mm caliber pistol, bearing Serial Number 45283174, seized on or about June 13, 2022, in Fargo, North Dakota;
- One Ruger, Model EC9s, 9mm pistol, with an obliterated serial number, seized on or about July 7, 2022, in or near Jamestown, North Dakota;
- One Ruger, Model 22/45 Mark IV Lite, .22 caliber pistol, with an obliterated serial number, seized on or about July 23, 2022, in or near Belcourt, North Dakota;
- One Taurus, Model PT111, 9mm pistol, bearing Serial number TVH43701, seized on or about July 23, 2022, in or near Belcourt, North Dakota;
- One Ruger, Model LCP, .380 caliber pistol with an obliterated serial number, seized on or about July 23, 2022, in or near Belcourt, North Dakota;
- Two black silencers, with no known serial numbers, seized on or about July 23, 2022, in or near Belcourt, North Dakota;
- $1,500 in United States currency seized on or about August 6, 2022, near Devils Lake, North Dakota;
- One Glock, Model 45, 9mm pistol, bearing Serial Number BTUE028, seized on or about August 21, 2022, in or near Bismarck, North Dakota;
- One Heritage Arms, model Rough Rider, .22 caliber revolver, bearing Serial Number 1BH465826, seized on or about September 4, 2022, in or near Idaho Falls, Idaho;
- One Savage, Model Rascal, .22 caliber rifle, bearing Serial Number 2057746, seized on or about September 4, 2022, in or near Idaho Falls, Idaho;

- One Mossberg & Sons, Model 173, .410 shotgun, with no serial number, seized on or about September 4, 2022, in or near Idaho Falls, Idaho;
- One Kessler, Model 30C, 12-gauge shotgun, with an unknown serial number, seized on or about September 4, 2022, in or near Idaho Falls, Idaho;
- One Savage, Model 67C, 20-gauge weapon made from a shotgun, bearing Serial Number B291298, seized on or about September 21, 2022, in or near Belcourt, North Dakota;
- One Benelli, Model Nova, 12-gauge weapon made from a shotgun, bearing Serial Number Z003381, seized on or about September 21, 2022, in or near Belcourt, North Dakota;
- One Ruger, Model Ec9s, 9mm caliber pistol, bearing Serial Number 458-89252, seized on or about September 21, 2022, in or near Belcourt, North Dakota;
- One Springfield Armory, Model XD-9, 9mm caliber pistol, bearing Serial Number XD163226, seized on or about September 21, 2022, in or near Bismarck, North Dakota;
- One Ruger, Model PC Carbine, 9mm rifle, bearing Serial Number 910-66433, seized on or about September 21, 2022, in or near Bismarck, North Dakota;
- One Winchester, Model 100, .308 caliber rifle, bearing Serial Number 35359, seized on or about September 21, 2022, in or near Bismarck, North Dakota;
- One Winchester, Model 1300, 12-gauge shotgun, bearing Serial Number L2952690, seized on or about September 21, 2022, in or near Bismarck, North Dakota;
- One Ruger, Model MK III, .22 caliber pistol, bearing Serial Number 274-96534, seized on or about September 21, 2022, in or near Bismarck, North Dakota;
- One Winchester, Model 37, .410 caliber shotgun with no serial number, seized on or about September 21, 2022, in or near Bismarck, North Dakota;
- One Ruger, Model Mini 14, .223 caliber rifle, bearing Serial Number 18668339, seized on or about September 21, 2022, in or near Bismarck, North Dakota;
- One B King's Firearms, Model M4 MOD-0, .556 caliber rifle, bearing Serial Number MOD-0-01810, seized on or about September 21, 2022, in or near Bismarck, North Dakota;
- One New England Firearms, Model Pardner, .410 caliber weapon made from a shotgun, bearing Serial Number NN393398, seized on or about September 21, 2022, in or near Bismarck, North Dakota; and

- One Stoeger, Model 2000, 12-gauge weapon made from a shotgun, bearing Serial Number 923808, seized on or about September 21, 2022, in or near Bismarck, North Dakota.

b. If any of the forfeitable property as a result of any act or omission of the defendants: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States shall be entitled to forfeiture of substitute property under Title 21, United States Code, Section 853(p), to seek forfeiture of any property of said defendants up to the value of the forfeitable property;

c. All in accordance with Title 21, United States Code, Section 853; Title 18, United States Code, Sections 844(c)(1), 924(d)(1), 981(a)(1)(C), and 982(a)(1); Title 26, United States Code, Section 5872; and Title 28, United States Code, Section 2461(c).

7. Defendant understands the following maximum penalties apply:

Count One – Continuing Criminal Enterprise

| | |
|---|---|
| Imprisonment: | Life (20 year minimum mandatory) |
| Fine: | $2,000,000 |
| Supervised Release: | 5 years (mandatory) to lifetime |
| Special Assessment: | $100 |

Count Two – Felon in Possession of Firearms

| | |
|---|---|
| Imprisonment: | 15 years |
| Fine: | $250,000 |
| Supervised Release: | up to 3 years |
| Special Assessment: | $100 |

Defendant understands the Court has the discretion to run each count consecutive to one another. Defendant agrees to pay the Clerk of United States District Court the special assessment on or before the day of sentencing.

8. Defendant understands that by pleading guilty Defendant surrenders rights, including:

(a) The right to a speedy public jury trial and related rights as follow:

(i) A jury would be composed of twelve (12) lay persons selected at random. Defendant and Defendant's attorney would help choose the jurors by removing prospective jurors "for cause," where actual bias or other disqualification is shown; or by removing jurors without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict. The jury would be instructed that Defendant is presumed innocent and that it could not return a guilty verdict unless it found Defendant guilty beyond a reasonable doubt.

(ii) If a trial were held without a jury, then the Judge would find the facts and determine whether Defendant was guilty beyond a reasonable doubt.

(iii) At a trial, whether by a jury or Judge, the United States is required to present witness testimony and other evidence against Defendant. Defendant's attorney can confront and examine them. In turn, the defense can present witness testimony and other evidence. If witnesses for Defendant refuse to appear voluntarily, Defendant can require their attendance through the subpoena power of the Court.

(iv) At a trial, Defendant has a privilege against self-incrimination; thus, Defendant can decline to testify. No inference of guilt

can be drawn from Defendant's refusal to testify. Defendant can choose to testify but cannot be required to testify.

(b) Defendant has a right to remain silent. However, under terms of the Plea Agreement, the Judge will likely ask Defendant questions about Defendant's criminal conduct to ensure that there is a factual basis for Defendant's plea.

9. Defendant understands that by pleading guilty Defendant is giving up all of the rights set forth in the prior paragraph, and there will be no trial. Defendant's attorney has explained those rights, and consequences of Defendant's waiver.

10. The Court shall impose a sentence sufficient to comply with purposes set forth in the Sentencing Reform Act. In doing so, the Court shall consider factors set forth in 18 U.S.C. § 3553(a) and must consult and consider the United States' Sentencing Commission, Guidelines Manual, (Nov. 2023) (USSG). Defendant understands that the United States Attorney's Office will fully apprise the District Court and the United States Probation and Pretrial Services Office of the nature, scope, and extent of Defendant's conduct, including all matters in aggravation and mitigation relevant to the issue of sentencing. The United States expressly reserves the right to appeal from an unreasonable sentence.

11. This Plea Agreement is binding only upon the United States Attorney for the District of North Dakota. It does not bind any United States Attorney outside the District of North Dakota, nor does it bind any state or local prosecutor. They remain free to prosecute Defendant for any offenses under their jurisdiction. This Plea Agreement also does not bar or compromise any civil or administrative claim.

12.     Defendant understands the United States Attorney reserves the right to notify any local, state, or federal agency by whom Defendant is licensed, or with whom Defendant does business, of Defendant's conviction.

13.     The parties agree that the following Sentencing Guidelines are applicable for Defendant's conduct:

- Methamphetamine (45+ KG)         38      USSG § 2D1.1(c)(1)
- Continuing Criminal Enterprise   +4      USSG § 2D1.5(a)(1)
- Firearm(s)                       +2      USSG § 2D1.1(b)(1)

The United States reserves the right to argue for the following Sentencing Guidelines:

- Credible Threat of Violence      +2      USSG § 2D1.1(b)(2)
- Obstruction of Justice           +2      USSG § 3C1.1

The United States reserves the right to argue a higher offense level at sentencing if it is determined through the pre-sentence investigation that Defendant is a "career offender" pursuant to USSG § 4B1.1. The United States further reserves the right to argue relevant conduct, to include dismissed conduct, in support of its sentencing recommendation.

Defendant reserves the right to argue for any downward departures and/or variances Defendant deems appropriate.

14.     At sentencing, United States agrees to recommend a 2-level downward adjustment for acceptance of responsibility, provided Defendant has demonstrated a genuine acceptance of responsibility. (USSG § 3E1.1(a)).

15. The parties stipulate and agree that, as of the date of this agreement, Defendant appears to qualify for a 2-level downward adjustment for acceptance of responsibility. However, the government may, in its discretion, contest the adjustment under USSG § 3E1.1(a) should Defendant subsequently fail to continue to accept responsibility by failing to abide by the conditions of release, if applicable; by providing false information to the Court, the probation office, or the United States; by unlawfully using controlled substances; by attempting to obstruct justice; by breaching this Plea Agreement; or by acting in a way that is inconsistent with, or failing to act in any way that is consistent with the granting of the adjustment under USSG § 3E1.1(a).

16. Neither the Court nor the Probation Office is a party to the Plea Agreement. Neither the Court nor the Probation Office is bound by the Plea Agreement as to determining the Sentencing Guideline range. The Court may depart from the applicable guidelines range if the Court, on the record, states factors not contemplated by the Sentencing Guidelines' Commission to justify the departure. Both parties reserve the right to object to any departure. See USSG § 1B1.1, comment. (n.1) (defines "departure"). There may be other adjustments the parties have not agreed upon.

**[INTENTIONALLY LEFT BLANK]**

17. At sentencing, the United States will:

    (a) Recommend a sentence of 480 months incarceration;

    (b) Recommend that Defendant be ordered to pay the applicable special assessment fees;

    (c) Recommend that Defendant be ordered a reasonable period of supervised release, but not less than five years, upon completion of any period of incarceration as ordered by the Court;

    (d) Move to dismiss the Third Superseding Indictment.

Defendant is free to recommend any sentence that Defendant and her attorney deem appropriate, but not less than the minimum mandatory of 240 months incarceration.

18. Defendant acknowledges and understands that if Defendant violates any term of this Plea Agreement, engages in any further criminal activity, or fails to appear for sentencing, the United States will be released from its commitments. In that event, this Plea Agreement shall become null and void at the discretion of the United States, and Defendant will face the following consequences: (1) all testimony and other information Defendant has provided at any time to attorneys, employees, or law enforcement officers of the government, to the Court, or to the Federal Grand Jury, may be used against Defendant in any prosecution or proceeding; and (2) the United States will be entitled to reinstate previously dismissed charges and/or pursue additional charges against Defendant and to use any information obtained directly or indirectly from Defendant in those additional prosecutions. Nothing in this agreement prevents the United States from

prosecuting Defendant for perjury, false statement(s), or false declaration(s), if Defendant commits such acts in connection with this agreement or otherwise.

19. Defendant acknowledges the provisions of Title 18, United States Code, Sections 2259 and 3663A, which require the Court to order restitution. Defendant agrees to pay restitution as may be ordered by the Court. Defendant acknowledges and agrees that the Court will order Defendant to make restitution for all loss caused by Defendant's conduct, regardless of whether counts of the Indictment will be dismissed as part of this Plea Agreement. Defendant further agrees to grant the United States a wage assignment, liquidate assets, or complete any other tasks the Court finds reasonable and appropriate for the prompt payment of any restitution or fine ordered by the Court.

20. The United States will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. Defendant and Defendant's attorney acknowledge that no threats, promises, or representations exist beyond the terms of this Plea Agreement.

21. **Defendant's Waiver of Appeal.** Defendant acknowledges having been advised by counsel of Defendant's rights to appeal the conviction or sentence in this case, including the appeal right conferred by 18 U.S.C. § 3742, and to challenge the conviction or sentence collaterally through post-conviction proceedings, including proceedings under 28 U.S.C. § 2255. Defendant understands these rights, and in exchange for the concessions made by the United States in this plea agreement, Defendant hereby knowingly and voluntarily waives these rights, except as specifically reserved herein. Defendant's waiver of these rights includes, but is not limited to, a waiver of all rights to

appeal or to collaterally attack: Defendant's conviction or sentence; all non-jurisdictional issues; any assessment, restitution or forfeiture order; the constitutionality of the applicable guidelines; and the constitutionality of the statute(s) to which Defendant is pleading guilty or under which Defendant is sentenced, or to argue that the admitted conduct does not fall within the scope of the statute(s). Defendant reserves the right to appeal a sentence of imprisonment imposed above the upper end of the applicable guidelines range and the right to appeal or to collaterally attack the conviction or sentence based on a claim of ineffective assistance of counsel that challenges the validity of the guilty plea or this waiver.

22. By signing this Plea Agreement, Defendant further specifically waives Defendant's right to seek to withdraw Defendant's plea of guilty, pursuant to Federal Rules of Criminal Procedure 11(d), once the plea has been entered in accordance with this agreement. The appellate court will enforce such waivers. Defendant agrees that any attempt to withdraw Defendant's plea will be denied and any appeal of such denial should be dismissed.

23. The Assistant United States Attorney and attorney for Defendant agree to abide by the provisions of Rule 32(f) of the Federal Rules of Criminal Procedure. The attorneys acknowledge their obligation to use good-faith efforts to resolve any disputes regarding the Presentence Investigation Report (PSIR) through a presentence conference or other informal procedures.

24. Defendant understands that by pleading guilty he will be convicted, and that any individual convicted who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant's attorney has explained this consequence of her guilty plea.

25. Defendant acknowledges reading and understanding all provisions of the Plea Agreement. Defendant and Defendant's attorney have discussed the case and reviewed the Plea Agreement. They have discussed Defendant's constitutional and other rights, including, but not limited to, Defendant's plea-statement rights under Rule 410 of the Federal Rules of Evidence and Rule 11(f) of the Federal Rules of Criminal Procedure.

AGREED:

NICHOLAS W. CHASE
United States Attorney

Dated: 10/18/2025

By: ALEXANDER J. STOCK
Assistant United States Attorney

Dated: 10-17-25

JESSICA MARIE TROTTIER A/K/A
JESSICA MARIE LATTERGRASS
Defendant

Dated: 10-17-25

CHRISTOPHER D. DOHRER AND THOMAS J. COGLEY
Attorney for Defendant